UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 7403 |
| | ) | |
| | ) | Judge Mark Filip |
| WILLIAM J. BENSON, individually | ) | |
| and d/b/a Constitutional Research | ) | |
| Associates, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The United States brought this action under 26 U.S.C. § 7408 ("Count I") and 26 U.S.C. § 7402(a) ("Count II") to enjoin and to restrain William Benson ("Benson" or "Defendant") from promoting allegedly abusive tax shelters, including shelters in the form of the so-called "Reliance Defense Package." (D.E. 1.)[1] Defendant has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). (D.E. 11.) For the reasons stated herein, the Court denies Defendant's motion.

I. BACKGROUND[2]

Benson, doing business as Constitutional Research Associates, offers for sale on his website—for $3,500 for a complete package—a set of documents that he has written which he calls the "Reliance Defense Package." (Id. ¶¶ 5, 7.) The Reliance Defense Package purportedly is a "compendium of information giving you the education and choice toward not filing an

---

1    The various docket entries in the case are cited as "D.E. __."
2    The background facts are taken from Plaintiff's Complaint (D.E. 1) and are assumed to be true, as precedent

1

Income tax return. This compendium will give you the education to say 'Based on my state-of-mind, frame of mine [sic], reliance and belief I am obeying the dictates of Constitutional law.'" (*Id.* ¶ 6 (quoting web site).) The gist of the Reliance Defense Package is that the federal income tax is unconstitutional because the Sixteenth Amendment, permitting Congress to impose a federal income tax, supposedly was not ratified properly by the several states. (*Id.* ¶ 8.) As part of Benson's efforts to sell "the Reliance Defense Package," he claims to potential customers that "[t]o date, the IRS has steadfastly refused to prosecute any person standing on this defense." (*Id.* ¶ 11.)[3]

The United States alleges that "the Reliance Defense Package" is specifically designed to enable customers to violate the internal revenue laws, which harms both Benson's customers and the United States. (*Id.* ¶¶ 14-18.) Specifically, in Count I the United States seeks to enjoin Benson from continuing to sell the "Reliance Defense Package" under 26 U.S.C. § 7408, which grants a district court the authority to enter a permanent injunction against a defendant if it finds "(1) that the person has engaged in any conduct subject to penalty under section 6700 . . ., and (2) that injunctive relief is appropriate to prevent recurrence of such conduct." 26 U.S.C. § 7408(b). In Count II, the United States alleges that Benson unlawfully interfered with enforcement of the Internal Revenue Laws under 26 U.S.C. § 7402(a). Section 7402(a) provides that "[t]he district courts . . . shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such . . . decrees as may be

---

requires, for present purposes.
3     By way of background, Benson was prosecuted and convicted of criminal tax evasion in the early 1990s. *See United States v. Benson*, 67 F.3d 641 (7th Cir. 1995) (affirming Defendant's criminal conviction for willful failure to file tax returns and willful tax evasion); *United States v. Benson*, 941 F.2d 598, 607 (7th Cir. 1991) (overturning, on other grounds, jury verdict that found Benson guilty of same criminal tax evasion offenses, but

necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

## II. STANDARD OF REVIEW

Benson has moved to dismiss the claims of the United States under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). Rule 12(b)(1) provides a defendant a procedural vehicle by which the defendant may move a federal district court to dismiss a claim or suit on the ground that the court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). As for a Rule 12(b)(6) motion, such a motion "challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). When considering such a motion, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from the facts in the light most favorable to the plaintiff. *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993). Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join certain types of parties under Rule 19. Fed. R. Civ. P. 12(b)(7). In ruling on a motion to dismiss for failure to join a necessary and indispensable party, the Court must accept the allegations of the complaint as true. *Davis Company v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n. 2 (7th Cir. 2001). Additionally, a defendant has the burden of showing that a party must be joined for just adjudication. *See Balsamo v. One Source, Northern Regional Commuter R.R. Corp.*, No. 04 C 6172, 2005 WL 396303, at *2 (N.D. Ill. Feb. 16, 2005); *Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 873 (N.D. Ill. 2002); *Central States, Southeast & Southwest Area Pension Fund v. Safeco Ins. Co. of Am.*, 717 F. Supp. 572, 573 (N.D. Ill. 1989).

---

rejecting Benson's alleged defense that the Sixteenth Amendment is not valid); *accord id.* ("As the district court noted, we have repeatedly rejected the claim that the Sixteenth Amendment was improperly ratified.").

III. DISCUSSION

   A.   Rule 12(b)(1)

Benson's argument alleging that this Court lacks subject matter jurisdiction turns on a belief that the validity of the Sixteenth Amendment is a political question and thus is not a subject to be considered by the courts. (D.E. 11 at 5 (citing *Foster*, 789 F.2d 457, 463 n.6 (7th Cir. 1986)).) However, the footnote which Defendant cites simply states that "there is authority for treating the validity of an amendment's ratification as a non-justiciable political question." *Foster*, 789 F.2d at 463 n.6. The footnote does not state that the issue is, in fact, one necessarily out of the province of the judiciary. Nor, more importantly, does the footnote that Benson cites state that federal courts are disabled from resolving cases where a litigant claims that the Sixteenth Amendment was not ratified and that therefore, in the litigant's view, the Amendment is not effective.

In fact, myriad courts have considered the validity of various constitutional amendments (including the Sixteenth Amendment). *See, e.g., United States v. Hairston*, 819 F.2d 971, 972 (10th Cir. 1987); *United States v. House*, 617 F. Supp. 237, 238-39 (W. D. Mich. 1985). More importantly, in several cases—one of which Benson himself was a party to—the Seventh Circuit has addressed and resolved arguments claiming the invalidity of the Sixteenth Amendment. *See, e.g., United States v. Benson*, 941 F.2d 598, 607 (7th Cir. 1991); *Miller v. United States*, 868 F.2d 236, 240-41 (7th Cir. 1988); *United States v. Thomas*, 788 F.2d 1250, 1253-54 (7th Cir. 1986); *United States v. Sato*, 704 F. Supp. 816, 819 (N.D. Ill. 1989); *United States v. Wojtas*, 611 F. Supp. 118, 120-21 (N.D. Ill. 1985).

Most important, Seventh Circuit precedent holds that the Sixteenth Amendment is valid

and was properly adopted and ratified. For example, in *United States v. Thomas*, 788 F.2d 1250, 1253-54 (7th Cir. 1986), Judge Easterbrook wrote that "[i]n *United States v. Foster*, we relied on *Lesser* [*v. Garnett*, 258 U.S. 130 (1922)] , as well as on the inconsequential nature of objections in the face of the 73-year acceptance of the effectiveness of the sixteenth amendment, to reject a claim similar to Thomas's." *Id.* (internal citations omitted). Months later, in *United States v. Ferguson*, 793 F.2d 828, 831 (7th Cir. 1986), the Seventh Circuit recognized the validity of the Sixteenth Amendment yet again:

> Ferguson invites our review of the validity of the ratification of the sixteenth amendment. Two recent panels of this Court have considered the arguments and evidence presented by Ferguson in the instant appeal. Because those two opinions analyze Ferguson's present claim and find it to be lacking, we, for the reasons stated in *Thomas* and *Foster*, reject Ferguson's contention that the amendment was improperly ratified.

*Id.* (internal citations omitted). In *Miller v. United States*, 868 F.2d 236, 241 (7th Cir. 1988), the Seventh Circuit accepted the validity of the Sixteenth Amendment after considering Benson's argument in *The Law That Never Was*—on which the defendant in *Miller* relied—by "find[ing] it hard to understand why the long and unbroken line of cases upholding the constitutionality of the sixteenth amendment generally, and those specifically rejecting the argument advanced in *The Law That Never Was* [a book co-authored by William J. Benson, the Defendant in the instant case], have not persuaded Miller and his compatriots to seek a more effective forum for airing their attack on the federal income tax structure." *Id.* Finally, in *United States v. Benson* (involving the same parties as the instant case), 941 F.2d 598, 607 (7th Cir. 1991), the Seventh Circuit clearly stated its view concerning the validity of the Sixteenth Amendment:

> As the district court noted, we have repeatedly rejected the claim that the Sixteenth Amendment was improperly ratified. One would think this repeated rejection of Benson's Sixteenth Amendment argument would put the matter to rest. But Benson

5

seizes on language in *Foster* in which, after rejecting the Sixteenth Amendment argument, we stated that "an exceptionally strong showing of unconstitutional ratification" would be necessary to show that the Sixteenth Amendment was not properly ratified.... Benson insists that as the co-author of *The Law That Never Was* ... he is uniquely qualified to make the "exceptionally strong showing" we spoke of in *Foster*. Benson is wrong. In *Thomas*, we specifically examined the arguments made in *The Law That Never Was*, and concluded that "Benson ... did not discover anything." We concluded that Secretary [of State] Knox's declaration that sufficient states had ratified the Sixteenth Amendment was conclusive, and that "Secretary Knox's decision is now beyond review." It necessarily follows that the district court correctly refused to hold an evidentiary hearing; no hearing is necessary to consider an issue that is "beyond review."

*Id.* (internal citations omitted).[4]

Given this fulsome body of precedent, which is binding on this Court, this Court cannot accept Benson's suggestion that his case cannot proceed. Put differently, the question of whether the Sixteenth Amendment was properly ratified can be resolved for purposes of this litigation. *See Thomas*, 788 F.2d at 1253. As the Seventh Circuit has stated with respect to this issue:

> [L]ower courts are bound by the precedential authority of cases rendered by higher courts. This limitation on judicial power is one of the cornerstones of the legal structure in that it serves broader societal interests such as the orderly and predictable application of legal rules. This doctrine prevents us from disregarding the Supreme Court's opinions upholding the constitutionality of the sixteenth amendment. The Court's decisions are binding on us and the district court absent strong evidence that the Court will override its own cases. We perceive no signs that the Supreme Court is harboring any such intentions with regard to the validity of the sixteenth amendment. . . .

*Miller*, 868 F.2d at 241.[5]

---

4   Other courts, too, have considered and unanimously rejected Benson's argument concerning the alleged invalidity of the Sixteenth Amendment. *See, e.g., Knoblauch v. Comm'r Internal Revenue*, 749 F.2d 200, 201-02 (5th Cir. 1984); *United States v. Myers v. United States*, No. 94 C 5012, 1985 WL 3620, at *2 (N.D. Ill. Oct. 30, 1985); *Wojitas*, 611 F. Supp. 118, 120-21 (N.D. Ill. 1985); *United States v. House*, 617 F. Supp. 237, 238-39 (W.D. Mich. 1985); *United States v. Ferguson*, 615 F. Supp. 8, 11 (S.D. Ind. 1985).

5   Benson makes a brief and opaque argument that the *Rooker-Feldman* doctrine requires dismissal of Plaintiff's case. However, the *Rooker-Feldman* doctrine does not apply in the instant case. Nowhere in this case is there an indication from either party, or that the Court can find upon its own review, that a state court has ruled upon the relevant issues. Consequently, Plaintiff's complaint does not require this Court to review a state court

B.     Rule 12(b)(6)

Defendant's Rule 12(b)(6) argument appears to be that "the state of the case law makes it impossible for this action to proceed without denying Defendant Benson due process of law." (D.E. 11 at 14.) As best the Court can tell, Benson argues that if the Sixteenth Amendment is presumably valid and courts cannot hear the matter of validity (because it is a political question), Benson will be presumed to have intended to violate the law, and he will not have an opportunity to "prove the allegations against him are false." (*Id.* at 12.) In this regard, Benson argues that conclusive presumptions of unlawful intent, that testimony or other evidence cannot rebut, are inappropriate because they conflict with the presumption of innocence.

This argument misapprehends the direction of the Seventh Circuit's teachings. By rejecting his argument concerning the validity of the Sixteenth Amendment (or more precisely, for present purposes, finding that jurisdiction exists and that the Court need not abstain from proceeding), the Court is certainly not saying that Benson cannot present a defense or deny lack of intent to violate the law. Benson can argue, for example, that he was unaware that the Sixteenth Amendment is legally valid as interpreted by the Seventh Circuit and Supreme Court (since the Court will not presume that Benson knew the Sixteenth Amendment is valid as interpreted by the courts). With all due respect, this argument seems quite strained, given that one of the seminal Seventh Circuit cases holding that the Sixteenth Amendment is valid is a case in the line of cases leading to the affirmance of Defendant's own criminal conviction for willful tax evasion. *See Benson*, 941 F.2d at 607. In any event, Benson is free to premise his defense on this basis if he so wishes, and the persuasiveness *vel non* of the defense under the circumstances

---

judgment—which is what the *Rooker-Feldman* doctrine involves.

presented is not the basis of potential due process infirmity.[6]

C. Rule 12(b)(7)

Defendant seeks to have the instant case dismissed because of the government's failure to include or to join the United States Congress as a party, which Benson asserts is the only entity that "has subject matter jurisdiction to determine the core issue in this case." (D.E. 11 at 15.) This argument is respectfully rejected.

As the Seventh Circuit admonished in *Miller*, Defendant Benson is able to petition the United States Congress (which is a "more effective forum for airing [his] attack on the federal income tax structure," *Miller*, 868 F.2d at 241) to adopt his various income tax arguments and to provide him a more satisfactory answer, from his perspective, than he has received from the federal judiciary. But requiring the presence of the United States Congress is unnecessary for resolving this case as it stands in front of this Court. In dozens of these types of tax protester cases, not once has the United States Congress been recognized as a necessary and indispensable party. There is ample legal precedent binding on this Court which will permit an orthodox procedural resolution of the case.

---

6 At this juncture, the Court need not determine whether, as it appears, precedent and principles of collateral estoppel both preclude any evidentiary assertion by Benson that the Sixteenth Amendment is not valid. *See generally United States v. Benson*, 941 F.2d 598, 607 (7th Cir. 1991) ("[W]e have repeatedly rejected the claim that the Sixteenth Amendment was improperly ratified."). It is quite clear for present purposes that the motion to dismiss, based on Benson's contention that the case simply cannot proceed consistent with the demands of due process, is ill-founded.

IV.  CONCLUSION

For the reasons set forth above, Defendant's motion (D.E. 11) to dismiss the complaint of the United States is denied.

So ordered.

_Mark Filip_
Mark Filip
United States District Judge
Northern District of Illinois

Dated: April 19, 2005